## SAMUEL E. COTTRILL *v.* GEORGE W. KINSER.

**Actions—Failure to Prosecute Suit—Damages—Sufficient Evidence—Breach of Bond.**

In an action in equity on the bond of the plaintiff in a replevin suit for his failure to prosecute same, the loss the defendant therein might have sustained for a breach of the bond was a subject of proof, and he must show that he had been deprived of his property, and the extent of the loss therefrom by proving the value of the property replevied. A mere judgment for the face of the bond, for the alleged breach, is not sufficient.

APPEAL FROM KNOX CIRCUIT COURT.

June 8, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Prior to the institution of this action, one John Norrell brought an action against appellee for a black horse of the alleged value

of one hundred dollars, and having made the affidavit and executed bond as provided in *Sec.* 208 *Civ. Co.,* with appellant his surety, procured an order for the delivery of the horse to him.

In the bond thus executed the obligors covenanted that Norrell should duly prosecute the action, and perform the judgment of the court therein, by a return of the horse if restitution should be adjudged, and by paying Kinser such sums of money as might be adjudged to him not exceeding $120 and his costs expended.

This action was brought in equity on the bond of Norrell and appellant for a failure to prosecute said action with effect, to return the horse sued for, and it is alleged that Norrell dismissed his action after having obtained possession of the horse under the order for delivery, and in the answer it is admitted that the action was dismissed, but the judgment of dismissal is not found in the record.

On final hearing judgment was rendered by the court below against Cottrill for $100, and he has appealed.

From the evidence it appears that Norrell went with the sheriff to Kinser, who then had the horse in his wagon taking a load of salt to Tennessee, and there, in the presence of the sheriff, he without taking the horse from the wagon, agreed with Kinser, that he should work the horse to Tennessee, and it is admitted in the answer the horse was then delivered to Norrell.

It is not alleged, or shown that, in dismissing the action, there was a judgment for a return of the horse to Kinser, or for his value, or for any damage for his detention; the breach of the bond consequently consists in the failure of Norrell to *"duly prosecute"* his action—what loss Kinser sustained thereby, was a subject of proof, and if he was deprived of his property in the horse, he should have shown the extent of his loss, by proving the value of the horse, which was not done; and the evidence was insufficient to authorize the judgment.

The action was brought in equity, and as there was no motion to transfer it to the ordinary docket the judge could properly try it. Upon the return of the cause the parties should be permitted to amend their pleadings, and make additional preparations if they should propose to do so in reasonable time. But for the reasons stated the judgment is *reversed,* and the cause remanded for further proceedings consistent herewith.

*Herndon, for appellant.*